**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE ALFREDO SANCHEZ GUZMAN<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>ELIAS SANCHEZ GUZMAN<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>     Plaintiffs,<br><br>v.<br><br>BANGLA PLUS TWO, INC.<br>d/b/a AMERICA'S BEST WINGS<br>3746 10th Street NE<br>Washington, DC 20017<br><br>MOHAMMED R. KARIM<br>8208 Westchester Drive<br>Vienna, VA 22182<br><br>     Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. Since Plaintiffs started working at Defendants' restaurant as kitchen laborers, Defendants have paid Plaintiffs flat semimonthly salaries that denied Plaintiffs minimum and overtime wages.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**Parties**

5. Plaintiff Jose Alfredo Sanchez Guzman is an adult resident of the District of Columbia.

6. Plaintiff Elias Sanchez Guzman is an adult resident of the District of Columbia.

7. Defendant Bangla Plus Two, Inc. is a District of Columbia corporation. It does business as America's Best Wings. Its principal place of business is located at 3746 10th Street NE, Washington, DC 20017. Its registered agent for service of process is Mohammed Karim, 3746 10th Street NE, Washington, DC 20017.

8. Defendant Mohammed R. Karim is an adult resident of Virginia. He resides at 8208 Westchester Drive, Vienna, VA 22182. He is an owner and officer of Defendant Bangla Plus Two, Inc. He exercises control over the operations of Bangla Plus Two, Inc. — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant America's Best Wings, located at 3746 10th Street NE, Washington, DC 20017.

10. Plaintiff Jose Alfredo Sanchez Guzman has worked at America's Best Wings from approximately October 2015 through the present.

11. Plaintiff Elias Sanchez Guzman has worked at America's Best Wings from approximately August 9, 2018 through the present.

12. Plaintiffs have worked at America's Best Wings as kitchen laborers.

13.  Plaintiffs' job duties at America's Best Wings have primarily consisted of cooking food and washing dishes.

14.  Defendants provided Plaintiffs with uniforms. At all relevant times, Plaintiffs were required to wear these uniforms at work and to wash them at home.

15.  Plaintiffs have typically and customarily worked five days per week.

16.  Plaintiffs have typically and customarily worked twelve hours per day.

17.  Plaintiffs have typically and customarily worked sixty hours per week.

18.  Defendants provided Plaintiff Jose Alfredo Sanchez Guzman with the following schedule (see third row, labeled "Alfredo"):



19.  At all relevant times, Defendants have paid each Plaintiff a semimonthly salary.

20.  Defendants paid Plaintiff Jose Alfredo Sanchez Guzman approximately the following semimonthly salaries:

3

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Aug. 22, 2016–Aug. 31, 2016 | $900.00 | $6.92 |
| Sep. 01, 2016–Feb. 28, 2017 | $1,000.00 | $7.69 |
| Mar. 01, 2017–Oct. 31, 2017 | $1,100.00 | $8.46 |
| Nov. 01, 2017–Jan. 31, 2018 | $1,200.00 | $9.23 |
| Feb. 01, 2018–Oct. 31, 2018 | $1,300.00 | $10.00 |
| Nov. 01, 2018–Mar. 31, 2019 | $1,400.00 | $10.77 |
| Apr. 01, 2019–Jun. 16, 2019 | $1,500.00 | $11.54 |
| Jun. 17, 2019–Present | $1,700.00 | $13.08 |

21. Defendants paid Plaintiff Elias Sanchez Guzman approximately the following semi-monthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Aug. 09, 2018–Nov. 30, 2018 | $900.00 | $6.92 |
| Dec. 01, 2018–May 31, 2019 | $1,000.00 | $7.69 |
| Jun. 01, 2019–Jun. 16, 2019 | $1,050.00 | $8.08 |
| Jun. 17, 2019–June 30, 2019 | $1,100.00 | $8.46 |
| Jul. 01, 2019–Present | $1,300.00 | $10.00 |

22. Defendants have typically and customarily paid Plaintiffs in cash.

23. Occasionally, however, Defendants have paid Plaintiffs with checks. For example, Defendants provided Plaintiff Jose Alfredo Sanchez Guzman with the following check:



24. At all relevant times, Plaintiffs have worked more than forty hours per workweek for Defendants.

25. At all relevant times, Defendants have paid Plaintiffs the same effective hourly rate across all hours worked.

26. Defendants have not paid Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek.

27. In addition to not paying overtime wages, Defendants have not paid Plaintiffs the minimum wage.

28. At all relevant times, the FLSA required that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

29. The District of Columbia required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

30. Moreover, Plaintiffs were entitled to $0.10 per hour *in addition* to the required minimum wage, because they wore and maintained their workplace uniforms. D.C. Reg. § 7-908.3.

31. For Plaintiff Jose Alfredo Sanchez Guzman's work in the last three years, Defendants owe him approximately $48,670.75 in minimum and overtime wages (excluding liquidated damages).

32. For Plaintiff Elias Sanchez Guzman's work in the last three years, Defendants owe him approximately $25,973.50 in minimum and overtime wages (excluding liquidated damages).

33. Defendant Mohammed R. Karim decided, or participated in the decision, to hire Plaintiffs.

34. Defendant Mohammed R. Karim decided, or participated in the decision, to hire Plaintiffs' supervisors.

35.   Defendant Mohammed R. Karim has fired employees of America's Best Wings.

36.   Defendant Mohammed R. Karim set Plaintiffs' rate of compensation.

37.   When Plaintiffs were paid by check, Defendant Mohammed R. Karim signed their paychecks.

38.   At all relevant times, Defendants had the power to hire and fire Plaintiffs.

39.   At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

40.   At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

41.   At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

42.   At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

43.   At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

44.   At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

45.   At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

46.   At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

47.   At all relevant times, Defendant had employees who handled food products, such as chicken, that were raised, grown, or produced outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

48.   Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

49. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

50. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

51. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

52. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

53. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

54. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

55. Defendants' violations of the FLSA were willful.

56. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

57. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

59.     The DCMWA required that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

60.     The DCMWA required employers to pay non-exempt employees who washed and maintained a work uniform $0.10 per hour in addition to the minimum wage. D.C. Reg. § 7-908.3.

61.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

62.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to the Plaintiffs.

63.     Defendants violated the DCMWA by knowingly failing to pay Plaintiffs an additional $0.10 per hour for having to wash and maintain his work uniform.

64.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

65.     Defendants' violations of the DCMWA were willful.

66.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

67.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

68. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

69. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

70. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

71. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

72. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

73. Defendants' violations of the DCWPCL were willful.

74. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$303,983.00**, and grant the following relief:

    a. Award Plaintiffs $298,577.00, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiffs additional unpaid wages and liquidated damages for work performed after the filing of this complaint, pursuant to the FLSA, DCMWA, and DCWPCL;

c.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d.    Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,006.00);

e.    Award Plaintiffs court costs (currently, $400.00); and

f.    Award any additional relief the Court deems just.

Date: August 27, 2019                        Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*